UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:19-CR-080-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES OLIVER JOHNSON, | ) | **ORDER ADOPTING** |
| | ) | **RECOMMENDED DISPOSITION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court following Defendant James Oliver Johnson's final revocation hearing on charges of violating conditions of supervised release. *See* [R. 36]. At the hearing, Defendant waived a formal hearing and stipulated that the government could prove by a preponderance of the evidence allegations used to initiate criminal charges against him in state court, which form the basis of the most serious supervised release violation (commission of a crime). *See* [R. 38, p. 1]; [R. 32, p. 1]. Magistrate Judge Ingram found Defendant competent to so stipulate, and that the stipulation was knowingly, voluntarily, and intelligently made. [R. 38, p. 3].

In his Recommended Disposition, Magistrate Judge Ingram correctly noted that, notwithstanding Defendants' stipulation, the Court must still find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Because Defendant has been charged with "a litany of state" crimes, Magistrate Judge Ingram endeavored to determine which specific charges were supported by Defendant's stipulation. [R. 38, p. 5]. Of the six state crimes at issue, Magistrate Judge Ingram

1

concluded that Defendant's stipulation supports a finding that five of them permit a finding that Defendant engaged in conduct violative of his supervised release (i.e., commission of a crime). *Id.* at 5–8.

Having fully considered the charged supervised release violations and the record before him, Magistrate Judge Ingram recommended that Defendant be found guilty of the specific criminal conduct that forms the basis of violation 1 (commission of a crime), that Defendant's supervised release be revoked, and that Defendant be sentenced to twenty-four months imprisonment at FMC Lexington, with no supervised release to follow. *Id.* at 13–14.

Magistrate Judge Ingram informed Defendant of his right of allocution and his right to object to the recommendation. *See id.* at 14. Defendant waived his right of allocution and offered no objection. *See* [R. 39 (Signed Waiver of Allocution)]. The fourteen-day objection period has expired, and the United States also did not object to the Recommended Disposition.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Nevertheless, the Court has reviewed the record and agrees with Magistrate Judge Ingram's Recommended Disposition. The Court thus, with no objection from any party and on full review of the record and Magistrate Judge Ingram's thorough treatment, **ORDERS** as follows:

1. Magistrate Judge Ingram's Recommended Disposition is **ADOPTED** as the opinion of this Court, and the Court **ADJUDGES** Defendant James Oliver Johnson guilty of violating the conditions of his supervised release.

2. The Court **REVOKES** supervision and **SENTENCES** Defendant Johnson to 24 months' imprisonment at FMC Lexington.

3. The Court will enter an appropriate revocation judgment.

This the 3rd day of October, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Counsel of Record
    United States Probation